UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHEN SU,

        Petitioner,

  v.                                                      Civil No. 07-1680-HA

MICHAEL CHERTOFF, et. al.,                ORDER

        Respondents.

_____

HAGGERTY, Chief Judge:

       Petitioner Chen Su seeks naturalization as a citizen of the United States. Petitioner filed a Motion for Summary Judgment [19], challenging the United States Citizenship and Immigration Service's (USCIS) denial of petitioner's application for naturalization. Respondents filed a cross-motion for summary judgment [27]. For the following reasons, petitioner's motion is DENIED and the government's motion is GRANTED.

**I.      BACKGROUND**

Petitioner is a native and citizen of China. Petitioner was admitted to the United States on a temporary worker visa in 1995. In April 1995, petitioner purchased a residence in Portland through a Residential Land Trust. He operated his own company from this residence until December 2003. Petitioner reported only $1,650 in gross income in 2002, and his company did not have any taxable income from 1999-2003. He worked from December 2003 to November 2004 for a company in Tigard, Oregon called Powin (USA) Corporation.

Petitioner sold his Portland residence in March 2004, and then rented an apartment with a friend in Beaverton, Oregon until October 2006. He has been working in China since 2003 for a company called Chainon Biotechnology, Inc. In 2005-2007, he also worked in China as a basketball coach, a sports TV commentator and as a representative of Powin (USA) Corporation. Petitioner was married in China in December 2004, and his wife took a position as the vice-president of a golf club in China in 2007. The only income petitioner and his wife reported on their 2005 and 2006 federal tax return was $2,400 and $3,000, respectively, in "miscellaneous rental income."

Petitioner's current Oregon address of record with USCIS is the home of a friend with whom he stays when he visits the United States. Petitioner refused to provide USCIS with the dates he has been in the United States since he filed his naturalization application on the ground that USCIS is not "entitled" to that information. Instead, he only submitted receipts from hotels at which he stayed while in the United States in 2007. These receipts indicated stays at hotels in Portland and King City (a suburb of Portland).

Petitioner returned to the United States in October 2007 for the primary purpose of dealing with a request for evidence from USCIS. Petitioner informed USCIS that he does not

2 - ORDER

"have a current plan to come back to the US."

On October 13, 2004, petitioner applied for naturalization as a United States citizen. On January 19, 2007, USCIS denied petitioner's application for naturalization on the following ground:

> According to Title 8 Code of Federal Regulations (CFR) 316.2(a)(6), an applicant for naturalization must reside continuously in the United States from the date of the application up to the time of admission to citizenship. According to the information which you provided and your statements under oath, you have not worked in the United States since 2004 and no longer own a business in the United States. You currently work as a television commentator in China and you have worked in China as a basketball coach since 2005. You married your current wife in China and she lives and works in China. You no longer own a house in the United States and when you come to the United States you stay with your brother or a friend. Based on this information it appears you do not meet the requirement for naturalization as specified under 8 CFR 316.2(a)(6). Therefore, your application must be and is hereby denied.

Petitioner timely filed an administrative appeal, and USCIS conducted a hearing on the appeal. In October 2007, USCIS requested that petitioner provide evidence in support of his appeal. Petitioner submitted evidence in response to that request and concurrently filed a complaint in this court. USCIS affirmed its denial of petitioner's administrative appeal on February 5, 2008. Petitioner then amended his pleadings in this court to seek review of the denial under 8 U.S.C. § 1421(c).

## II.     ANALYSIS

### A.     Standard

8 U.S.C. § 1421(c) provides that

> [a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de

3 - ORDER

novo on the application.

8 U.S.C. § 1421(c).  Petitioner has not requested a hearing de novo, so review is appropriately based on the Administrative Record pursuant to chapter 7 of Title 5.  *See* 5 U.S.C. § 706.  Although the court's review of USCIS's denial of petitioner's application for naturalization is de novo, petitioner bears the burden "to show his eligibility for citizenship in every respect."  *Berenyi v. I.N.S.*, 385 U.S. 630, 636-37 (1967) ("[W]hen an alien seeks to obtain the privileges and benefits of citizenship, the shoe is on the other foot.  He is the moving party, affirmatively asking the Government to endow him with all the advantages of citizenship.  Because that status, once granted, cannot lightly be taken away, the Government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship.  For these reasons, it has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect.").

**B.     Discussion**

Petitioner argues that the USCIS erroneously denied his naturalization application on the ground that petitioner failed to establish that he has "resided continuously in the United States from the date of application up to the time of admission to citizenship."  Petitioner asserts that absences of less than six months between the filing of the application and the date of admission to citizenship do not interrupt continuous residence, and the USCIS was incorrect in finding that petitioner had abandoned his residency in the United States.

The Immigration and Nationality Act provides that "[n]o person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant . . . has resided continuously within the United States from the date of application up to the time of admission to citizenship."  8 U.S.C. § 1101(a)(33).  "[A]n alien's residence is the same as that alien's domicile,

4 - ORDER

or principal actual dwelling place, without regard to the alien's intent. . . . " 8 C.F.R. § 316.5(a). In order to assess whether, during the pendency of an application, a petitioner abandoned residency, the court considers: (1) if the applicant terminated his or her employment in the United States, (2) if the applicant's immediate family remained in the United States, (3) if the applicant retained full access to his or her abode in the United States and (4) if the applicant obtained employment while abroad. 8 C.F.R. § 316.5(c)(1)(I).

The evidence that petitioner submitted to USCIS indicates that he has not "resided continuously in the United States from the date of application up to the time of admission to citizenship" as required to become a naturalized citizen. Petitioner's erroneously asserts that the sole determining factor for whether petitioner resided continuously in the United States is whether he had absences from the United States longer than six months. Absences of longer than six months, however, only create a rebuttable presumption of abandonment of residency. The statute does not require a six month absence in order to conclude that an applicant has abandoned residency.

Here, petitioner has not been employed in the United States since November 2004, and he has worked for multiple employers in China since that time. Second, petitioner sold his Portland-area home in 2004 and terminated the lease on his Portland area apartment in 2006. Petitioner's current address of record with USCIS is the home of a friend whom petitioner claims he stays with when he is in the country. Third, petitioner claimed only $2,400 and $3,000 in "miscellaneous rental income" on his 2005 and 2006 federal tax returns, respectively. Finally, petitioner refused to provide USCIS with the dates he has been in the United States since he applied for naturalization. Accordingly, petitioner has not established that he resided continuously in the United States during the pendency of his application for naturalization.

5 - ORDER

### III.    CONCLUSION

For the foregoing reasons, petitioner's Motion for Summary Judgment [19] is DENIED, the government's Motion for Summary Judgment [27] is GRANTED and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  12   day of August, 2008.

                                                /s/ Ancer L. Haggerty
                                                    Ancer L. Haggerty
                                        United States District Judge